UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**WOODROW CHAPMAN**                                                                                    **PETITIONER**

VS.                                        **2:19-CV-00036-JM-JTR**

**UNITED STATES JUSTICE
DEPARTMENT; DEWAYNE HENDRIX,
Warden, FCI – Forrest City**                                                                **RESPONDENTS**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed on April 3, 2019, by Petitioner, Woodrow Chapman ("Chapman"), who

1

is currently incarcerated at the Federal Correctional Institution-Low in Forrest City, Arkansas. *Doc. 1*.[1]

In his § 2241 Petition, Chapman contends that he is entitled to more good time credit on his federal sentence based on the First Step Act of 2018. For way of relief, he requests the Court to "compel the U.S. Government to apply the necessary credits to the currently imposed sentence at a rate of (7) days per year sentence." *Doc. 1 at 5*.

For the reasons stated below, the Court recommends that Chapman's habeas Petition be dismissed, without prejudice.

## II. Discussion

In conducting an initial review of Chapman's habeas Petition, the Court may summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.

A federal prisoner may bring a habeas claim under § 2241 to challenge the execution of his sentence in the district where he is incarcerated. *Metheny v.*

---

[1] On January 5, 2011, Chapman was sentenced on a drug conspiracy count to 188 months imprisonment. *United States v. Chapman*, No. 3:09-cr-02453-03-KC (W.D. Texas January 7, 2011). The sentence was later reduced to 151 months imprisonment based on a retroactive change to the Sentencing Guidelines. *Id.*, *Doc. 464* (November 18, 2015).

*Morrison*, 307 F.3d 709 (8th Cir. 2002) (§ 2241 habeas petition is the proper vehicle for a prisoner's request for good time credits to reduce length of imprisonment and must be brought in the district of incarceration). In this case, however, Chapman's claim is prematurely asserted because: (1) he relies on a new statute, the relevant provisions of which have not yet taken effect; and (2) he has not exhausted his administrative remedies by allowing the Bureau of Prisons ("BOP") the first opportunity to apply the new law, once it takes effect, and assess whether his sentence should be adjusted.

### A.     The First Step Act of 2018

Chapman relies entirely on the First Step Act of 2018, S. 756, 115th Cong. (2018) as the legal basis for the requested adjustment to his sentence. However, the provisions of the new law involving good conduct time are not yet in effect. As another district court recently explained:

> Petitioner is correct that Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. However, this provision has not yet taken effect.
>
> In accordance with Section 102(b)(2) of the Act, the amendments made in this section only take effect when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019. Consequently, Petitioner's claim that the BOP must immediately recalculate his sentence pursuant to the First Step Act lacks merit.

*Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO (HC), 20019 WL 1229772 (E.D. Cal. March 15, 2019).

Thus, the Court concludes that Chapman's request for a reduced sentence, based on provisions of the First Step Act which are not yet in effect, is premature.

**B.   Exhaustion of Administrative Remedies**

Under the federal statute authorizing good time credit, 18 U.S.C. § 3624, the BOP, not the district court, determines whether a prisoner should receive good time credit. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). If a prisoner believes that the BOP erred in computing his sentence, his initial remedy is to pursue administrative review of the BOP's computation. *See United States v. Wilson*, 503 U.S. 329, 331-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (citing 28 C.F.R. §§ 542.19-542.16). For that purpose, the BOP provides prisoners with access to an administrative review program.[2]

---

[2] This program allows a federal prisoner to seek "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Initially, he must try to resolve the issue informally with institutional staff. *Id*. § 542.13(a). If no resolution is reached, he must submit a formal written administrative remedy request, to which the warden must respond within twenty calendar days. *Id*. §§ 542.14(a), 542.18. If dissatisfied with the warden's response, he must appeal to the appropriate Regional Director, who is obligated to respond within thirty calendar days. *Id*. §§ 542.15, 542.18. If dissatisfied with that response, he must take the final appeal to the National Inmate Appeals Administrator, Office of General Counsel, who is obligated to respond within forty calendar days. *Id*. It is mandatory that a prisoner must exhaust all these administrative steps before he seeks relief in federal court in a § 2241 action.

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citations omitted).[3]

Chapman fails to allege or to provide any documentation indicating that he has exhausted his administrative remedies with the BOP. In fact, there is no indication in the record that Chapman made any effort to resolve the current dispute with the BOP, either informally or formally, *before* filing a § 2241 habeas Petition. For this additional and alternative reason, the Court concludes that Chapman's request for a reduced sentence based on the First Step Act is premature.

---

[3] Petitioners may be excused from exhausting their administrative remedies if it is futile to do so. *See Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 552 U.S. 1121, 128 S.Ct. 927, 169 L.Ed.2d 766 (2008) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

According to the BOP's website, Chapman's current projected release date is December 25, 2019. *See* https://www.bop.gov/inmateloc/ (accessed April 18, 2019). Thus, Chapman appears to have time to fully exhaust his administrative remedies with the BOP.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner Woodrow Chapman's Petition for Habeas Corpus, *Doc. No. 1*, be dismissed, without prejudice.

DATED this 19th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE